E-FILED
Thursday, 20 September, 2007  02:08:45 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CLARK TRULY,
    Plaintiff,

    vs.                                 Case No. 03- 1178

COMPREHENSIVE HEALTH CARE SERVICE,, et. al.,
    Defendants.

## ORDER

    This cause is before the court on the plaintiff's motion to reconsider the Court's August 29, 2006 Court Order granting the defendants' motion for summary judgement. [d/e 164]

    A post-judgment motion seeking substantive relief from a judgment must be made pursuant to either Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure. The pro-se plaintiff's motion does not reference either rule. Rule 59(e) motions to alter or amend the judgment must be filed within ten business days of the entry of judgment. *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994), cert. denied, 115 S.Ct. 2558 (1995). The plaintiff's motion appears to have been provided to prison officials on September 12, 2006. Therefore, the plaintiff's only basis for relief must be Rule 60 of the Federal Rules of Civil Procedure. *See Charles v. Daley*, 799 F.2d 343, 347 (7th Cir. 1986); *Western Industries, Inc. v. Newcor Canada Limited*, 709 F.2d 16, 17 (7th Cir. 1983).

    A motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) "permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud." *American Federation of Grain Millers, Local 24 v. Cargill Inc.*, 15 F.3d 726, 728 (7th Cir. 1994). Such relief is warranted "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Margoles v. Johns,* 798 F.2d 1069, 1073 (7th Cir. 1986).

    The plaintiff's complaint was dismissed for failure to exhaust administrative remedies. The court also found that even if the plaintiff had exhausted his administrative remedies, he had failed to show the defendants were deliberately indifferent to his medical condition or that any delay in treatment had a detrimental impact on his health. *See* August 29, 2006 Court Order. The plaintiff's motion for reconsideration reiterates arguments already considered by the court concerning his medical care. The motion is denied.

    **IT IS THEREFORE ORDERED that the plaintiff's motion to reconsider the court's order dismissing his lawsuit is denied**. **[d/e 164]**.

Entered this 20th day of September, 2007.

                        **s\Harold A. Baker**

                  _____
                          HAROLD A. BAKER
                     UNITED STATES DISTRICT JUDGE